UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00092-GNS-HBB

JANE DOE                                                                          PLAINTIFF

v.

OFFICER ALEPH ZAVALA et al.                                                       DEFENDANTS

## **ORDER**

On April 20, 2026, the Court ordered Plaintiff to provide full and proper answers to certain interrogatories propounded by Defendants by May 11, 2026.  (Order 1, DN 23).  After Plaintiff failed to comply with this Order, Defendants moved to dismiss the case pursuant to Fed. R. Civ. P. 37(b)(2)(A).  (Def.'s Mot. Dismiss, DN 25).

Fed. R. Civ. P. 37 and 41(b) provide courts with the power to dismiss an action when a plaintiff does not take appropriate steps to advance the case.  Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b).  In particular, Fed. R. Civ. P. 37 authorizes a court to dismiss a lawsuit "[i]f a party . . . fails to obey an order to provide or permit discovery," or otherwise fails to cooperate in discovery, including failing to respond to interrogatories.  Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3).  In addition, Fed. R. Civ. P. 41 "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted).  Dismissal under Fed. R. Civ. P. 41(b) is a tool for trial courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary.  *See id.* (citation omitted).

1

2

Accordingly, **IT IS HEREBY ORDERED** that on or before **June 30, 2026**, Plaintiff **SHALL** show cause why this matter should not be dismissed due to her failure to comply with this Court's Order (DN 23).

**Greg N. Stivers, Judge**
**United States District Court**
June 10, 2026

cc:    counsel of record

2